IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| SHAWN ECHOLS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 7:20-cv-000393 |
| v. | ) ) | **MEMORANDUM OPINION** |
| HAROLD CLARKE, *et. al.*, | ) ) ) | By:  Hon. Thomas T. Cullen United States District Judge |
| Defendants. | ) | |

Plaintiff Shawn Echols, a Virginia prisoner proceeding *pro se*, filed this civil action

under 42 U.S.C. § 1983, alleging that the conditions of his confinement violated his Eighth

Amendment. This matter is before the court on the Defendants Harold Clarke and Warden

Carl Manis's (collectively "Defendants") motion to dismiss for failure to state a claim upon

which relief can be granted (ECF No. 24.) After reviewing the record, the court will grant

Defendant's motion and dismiss Echols's claims.

**I.**

Echols is currently incarcerated at Wallens Ridge State Prison ("Wallens Ridge") and

was incarcerated there during all times relevant to this proceeding. In his Complaint, Echols

alleges that he fell while climbing into bed on October 15, 2018. Echols indicates that

slipped when he stood on the table in his cell to get into the top bunk. He alleges the top

bunk is located five and a half feet from the floor and that he "broke [his seventh] rib on

[his] left side" in the fall (Compl. ¶ 7 [ECF No. 1].) Echols claims that the fall caused him

"pain and suffering" and that, "on several occasions," he was "spitting up blood [due] to

[his] injuries from the fall." (*Id.*) Echols alleges that he "had to sleep on the floor for [three]

days" after the fall due to the pain. (*Id.*) Echols indicates that he was seen by the medical unit

for his injuries.

When he fell, Echols' claims he broke his JP5 player[1] and CL 20 headphones. Echols

asserts that there is "not a safe way for anyone assigned to the top bunk to manage," and

that "[t]here is no secure measure such as a set of steps, a hand hold or something to secure

[him] to and from access of the top bunk." (*Id.* ¶ 8.) Echols alleges his injuries are "due to

the conditions of [his] confinement" and notes that "Wallens Ridge has failed to remedy the

situation over the course of its years of housing offenders." (*Id.* ¶ 12.) He seeks $100,000 in

compensatory damages and $100,000 in punitive damages from each Defendant. (ECF No.

1 ¶ 19–22.)

## II.

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint.

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6)

motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible

when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* While a complaint does not need

"detailed factual allegations," complaints merely offering "labels and conclusions," "naked

assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the

---

[1] A JP5 Player is a tablet which allows prisoners to access services—like email—through the third-party JPay.

elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A pro se plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III.

Defendants assert that the Eighth Amendment conditions-of-confinement claims against Defendants Clarke and Manis should be dismissed for failure to state a claim.[2] (ECF No. 25.) For the following reasons, the court concludes that Echols complaint fails to state a claim and will grant the Defendants' motion to dismiss.

To sustain an Eighth Amendment claim, a plaintiff must allege facts sufficient to establish both prongs of a two-pronged test. "First, the prisoner must establish he suffered a serious deprivation of his rights in the form of a serious or significant physical or emotional injury." *Nelson v. Henthorn*, 677 F. App'x 823, 826 (4th Cir. 2017) (quotations omitted). "Second, the plaintiff must show that the prison official had a sufficiently culpable state of

---

[2] To the extent that Echols raises claims against Defendants in their official capacities, these are not cognizable claims under § 1983. Neither a state nor its officials acting in their official capacities are persons for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). As such, any claims against the Defendants in their official capacity will be dismissed.

mind, specifically a deliberate indifference to inmate health or safety." *Id.* (quotations omitted). *Accord Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014).

To succeed on such a claim, an inmate must objectively demonstrate that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (cleaned up). Under the subjective prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In conditions-of-confinement cases, the requisite state of mind is one of deliberate indifference. *Id.* "Deliberate indifference requires more than ordinary lack of due care for the prisoner's interests or safety." *Grayson v. Peed*, 195 F.3d 692, 696 (4th Cir. 1999) (internal quotations omitted).

Defendants assert that Echols does not allege any facts which would support a finding of deliberate indifference by either Clarke or Mathis. The complaint does not allege that Defendants were involved in his bunk assignment or that they knew he was somehow at risk from an assignment to a top bunk without a ladder or railing. Echols has not alleged facts which plausibly support that Defendants acted with the "sufficiently culpable state of mind" of deliberate indifference required for Eight Amendment claims. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). As such, the court will grant the motion to dismiss.

- 5 -

## IV.

Because Echols Complaint lacks the factual allegations necessary to state a claim, the court will grant Defendants' motion to dismiss.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 29th day of September, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE